CLARA A. CUSHING *vs.* FREDERICK J. CUSHING.

Essex. March 10, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Practice, Civil,* Final decree. *Divorce,* Alimony *pendente lite.*

On a libel for divorce an order was made for alimony *pendente lite.* The Superior Court ordered the libel dismissed. Exceptions were taken by the libellant which were overruled by this court, and an entry was made in the Superior Court

"Exceptions overruled as per rescript." After this, the Superior Court on application of the libellant made an order directing execution to issue against the goods and estate of the libellee for alimony *pendente lite*. From this order the libellee appealed. *Held*, that the appeal was not well taken, as no final decree had been entered in the Superior Court and the case was still pending in that court when the order was made. The entry "Exceptions overruled as per rescript" was not a final decree. The question, whether the original order for the payment of alimony had been revoked by the subsequent proceedings, appeared not to have been raised in the court below and was held not to be open on the appeal.

LIBEL FOR DIVORCE, filed December 29, 1898, before the court at a previous stage in 180 Mass. 150.

*H. F. Hurlburt & S. B. Darling*, for the libellee.

*W. H. Niles*, for the libellant.

LORING, J. This is an appeal by the libellee from an order of the Superior Court directing execution to issue against his goods and estate for alimony *pendente lite* to be paid to the libellant.

The libel was filed in December, 1898. On January 6, 1900, an order was made directing the libellee to pay to the libellant $7 a week *pendente lite* from December 1, 1899. The libel came on for hearing in the Superior Court in October, 1900, and, on the fifth day of the following November, the court rendered a decision which was entered on the docket, "Libel dismissed." At this hearing exceptions were taken by the libellant which were heard in this court on November 7, 1901, and overruled on the twenty-seventh day of the same month. While these exceptions were pending in this court, the libellant, on November 11, 1901, filed a motion in the Superior Court reciting the order for the payment of alimony *pendente lite*, and setting forth that no payment had been made under that order since the thirty-first day of October, 1900, and praying "that an execution against the goods and estate of the said Frederick J. Cushing may issue for the sum of $382, which is the amount now due to your petitioner under and by virtue of said order, said libel being still pending." After this motion was filed, the following entry was made upon the docket of the Superior Court: "Exceptions overruled as per rescript." Later, namely, on December 6, 1901, the libellee pleaded to the motion for execution that the libel had been dismissed and that the Superior Court had no jurisdiction to issue an execution against the libellee. On January 15, 1902, the

Superior Court made the following order: "Execution to issue as prayed for." It is from this order that the libellee has taken the appeal now before us.

We are of opinion that the appeal is not well taken. The entry of "Libel dismissed," made on the docket of the Superior Court on November 5, 1901, could have no greater effect than a finding by that court in favor of the libellee. Exceptions had been taken at the trial, which were afterwards allowed and entered in this court; that prevented a final decree being entered in the Superior Court dismissing the libel. The exceptions taken to this court transferred to this court the questions of law raised by the exceptions, but the libel remained as a pending cause in the Superior Court. The entry of "Exceptions overruled as per rescript," on the docket of the Superior Court, is not a final decree disposing of the cause. After the fact has been noted on the docket of the Superior Court, that a rescript of the court has been received, a final decree must be entered in the Superior Court, before the case is finally disposed of.

It follows that on January 15, 1902, when the Superior Court directed "execution to issue as prayed for," the case was pending in that court and it was within the power of that court to make such an order. The question argued by the libellee, whether the original order for the payment of alimony had been revoked by the subsequent proceedings, does not appear to have been raised in the court below and is not open on this appeal.

*Order affirmed.*